UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL F. DESCOTEAU, *et al.*,          )<br>                                                        )<br>              Plaintiffs,                     )<br>                                                        )<br>v.                                                   )<br>                                                        )<br>ANALOGIC CORPORATION and  )<br>B-K MEDICAL SYSTEMS, INC.,       )<br>                                                        )<br>              Defendants.                   )  | Docket No. 09-cv-312-P-S |

**ORDER ON MOTION TO DISMISS AND RECOMMENDED DECISION**

Before the Court is the Motion to Dismiss by Defendants Analogic Corporation and B-K Medical Systems, Inc.  The Court referred the instant motion to Magistrate Judge Rich for a Recommended Decision, which was issued on January 21, 2010.  Both parties objected to portions of the Recommended Decision (Docket #s 31-35).  For the reasons set forth below and based on the Court's own de novo review, the Court ADOPTS IN PART and REJECTS IN PART the Recommended Decision (Docket # 30) and GRANTS Defendants' Motion to Dismiss (Docket #10).

**I.      LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of a complaint.  Gomes v. Univ. of Me. Sys., 304 F. Supp. 2d 117, 120 (D. Me. 2004).  The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and alteration omitted).  However, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation omitted).

The Court must accept as true all well-pleaded factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). In distinguishing sufficient from insufficient pleadings, which is "a context-specific task," the Court must "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

## II.  FACTUAL BACKGROUND

The Magistrate Judge's Recommended Decision fully sets forth the facts alleged in the Complaint. Neither party has objected to the facts set forth in the Recommended Decision. Accordingly, the Court ACCEPTS and ADOPTS the Factual Background section of the Recommended Decision. (Docket # 30 at 2-5.)

## III.  DISCUSSION

Defendants move to dismiss Plaintiff's Complaint arguing that his claims are barred by the applicable statute of limitations. The parties agree that Plaintiff's Complaint is subject to Maine's six-year statute of limitations. See 14 M.R.S.A. § 752. The parties disagree with respect to when Plaintiff's cause of action accrued, and therefore when the six-year statute of limitations began to run.

The few facts relevant to the statute of limitations inquiry are undisputed. On February 7, 2003, Plaintiff had a prostate biopsy performed at V.A. Togus using a device manufactured by Defendants. On April 14, 2006, Plaintiff received a letter from the Veteran's Administration

notifying him that the equipment used to perform his biopsy may not have been properly cleaned and that he may have been exposed to Hepatitis B, Hepatitis C or HIV. Plaintiff had testing performed on April 27, 2006 to determine if he had been infected and was notified on May 11, 2006 that he had not. Plaintiff's Complaint, filed on June 3, 2009, asserts claims for strict liability and negligence based Defendants' failure to adequately instruct the V.A. on the proper way to clean the biopsy equipment. Plaintiff seeks damages for the physical harm caused by the additional testing he had to undergo as a result of his potential exposure, as well as the mental harm he endured between April 14, 2006 and May 11, 2006.

### A.      Accrual of the Cause of Action

In Maine, a tort cause of action accrues "when the plaintiff suffers harm to a protected interest." Johnston v. Dow & Coulombe, Inc., 686 A.2d 1064, 1066 (Me. 1996). "In other words, it accrues at 'the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication.'" McLaughlin v. Superintendent Sch. Comm. Of Lincolnville, 832 A.2d 782, 788 (Me. 2003) (quoting Williams v. Ford Motor Co., 342 A.2d 712, 714 (Me. 1975)). It is irrelevant whether the plaintiff is aware of his injury and/or the extent of his damages. See Bozzuto v. Ouellette, 408 A.2d 697, 699 (Me. 1979) ("[I]gnorance of the defendant's misfeasance for about seven years does nothing by itself to prevent the running of the statute of limitations."); Dugan v. Martel, 588 A.2d 744, 746 (Me. 1991) (cause of action accrued when plaintiff suffered a "judicially cognizable injury . . . even though she may not have become aware of the scope of her injury until later.").

Defendants contend that Plaintiff's cause of action accrued when the biopsy was performed in 2003. Plaintiff argues that it did not accrue until he was notified of the possible exposure when he received the letter from the V.A. in 2006. Plaintiff relies on Bernier v.

Raymark Industries, Inc., 516 A.2d 534 (Me. 1986) in support of his argument. In Bernier, the Maine Law Court held that "a judicially recognizable claim does not arise until there has been a manifestation of physical injury to a person, sufficient to cause actual loss, damage or suffering from a defective, unreasonably dangerous product." Id. at 543. Plaintiff argues that he did not suffer any "manifestation of physical injury" until he was notified of the potential exposure and, therefore, his cause of action did not accrue until he received the letter from the Veteran's Administration.

Significantly, however, the holding in Bernier was explicitly limited to "actions under section 221 involving asbestos-related injuries." Id. The Maine Law Court has declined to extend the holding in Bernier beyond the asbestos realm. See Johnston, 686 A.2d at 1066 (citing Bernier and noting that the discovery rule has been limited to three discrete areas of the law, including asbestosis); Kasu v. Blake, Hall & Sprague, Inc., 582 A.2d 978, 979 (Me. 1990) (refusing to extend Bernier to cover a failure to procure insurance claim); Kelleher v. Boise Cascade Corp., 676 F. Supp. 22, 24-25 (D. Me. 1988) (refusing to apply Bernier to a case involving the development of asthma as a result of exposure to chemicals). This action was not filed pursuant to section 221 and does not involve asbestos. Accordingly, Bernier is simply inapplicable.[1]

Moreover, even if the holding in Bernier was not limited to the asbestos realm, the facts are distinguishable. In Bernier, the plaintiff's principal injury—cancer caused by the inhalation of asbestos fibers—did not manifest itself until thirty years after the plaintiff's exposure to asbestos had ended. Because of this long dormant period, the Law Court held: "The actionable harm is the manifestation of disease in the body, not the exposure to the potentially hazardous

---

[1] The Court notes that Plaintiff thoroughly discussed Bernier in his papers without mentioning that its holding has been limited to the asbestos realm. (Docket # 27 at 3-4.) Although Defendants attempted to factually distinguish the instant action from Bernier, they also failed to point out the limited nature of its holding. (Docket # 28 at 2-3.)

4

substance or some more abstract invasion of a person's legally protected interests." Id. at 542-43. Here, there was no dormant period associated with what Plaintiff identifies as his injury—the additional testing and emotional damages associated therewith. Plaintiff would have had the same testing performed, and suffered the same mental anxiety while awaiting the results, if he had been immediately alerted to the fact that his biopsy had been performed with an unclean device. On this additional basis, the Court finds that Bernier is not applicable here.

Thus, this case is governed by the general rule that Plaintiff's cause of action accrued when Defendants' wrongful act caused an injury for which he was entitled to seek judicial vindication. Williams, 342 A.2d at 714. As noted above, Plaintiff argues that he did not suffer an injury until he was aware of the potential exposure. This argument, however, seems to confuse the concept of what constitutes an injury for purposes of the accrual of a cause of action with what constitutes damages resulting from that injury. Plaintiff's Complaint does not allege that the V.A. acted wrongfully in April 2006 when they notified him that his biopsy may have been performed with unclean equipment. Nor does he allege that the subsequent testing was wrongfully performed by the V.A. The additional testing and the emotional harm suffered while waiting for his test results are not the injury in this case, they are the damages that resulted from the injury.

The wrongful act alleged in Plaintiff's Complaint is that Defendants inadequately instructed the V.A. on how to properly clean the biopsy device. (Complaint (Docket # 1) ¶ 43.) Plaintiff suffered a judicially cognizable injury as a result of Defendants' wrongful act when his biopsy was performed with a potentially unclean device. C.f. McPherson v. McPherson, 712 A.2d 1043, 1045 (Me. 1998) (recognizing a cause of action for negligent transmission of a sexually transmitted disease). Thus, his cause of action accrued in 2003.

The fact that Plaintiff had not suffered significant damages at that point (because he was unaware of the potential exposure) does not prevent the cause of action from accruing. See Bozzuto, 408 A.2d at 699; see also Box v. Walker, 453 A.2d 1181, 1183 (Me. 1983) (plaintiff was injured when sterilization was unsuccessful even though damages were not apparent until she became pregnant years later). The law implies nominal damages when an individual's rights are violated. Williams, 342 A.2d at 716 ("[A] cause of action for at least nominal damages accrued when the wrongful act was done."). When Plaintiff's biopsy was performed with an unclean device, Plaintiff suffered at least nominal damages, which are sufficient to sustain a cause of action. Box, 452 A.2d at 1183. Because Plaintiff's cause of action accrued on February 7, 2003, the pending lawsuit, which was filed June 3, 2009, is untimely.

**B.    Discovery Rule**

In the alternative, Plaintiff argues that the Court should apply the discovery rule to delay the accrual of his cause of action until he was notified of the potential exposure in 2006. "The discovery rule is an exception to the general rule that accrual occurs at the time of a judicially cognizable injury." Dunelawn Owners' Assoc. v. Gendreau, 750 A.2d 591, 596 (Me. 2000). The Maine Law Court has applied the discovery rule in three limited areas: (1) legal malpractice; (2) foreign object and negligent diagnosis medical malpractice; and (3) asbestosis. See Johnston, 686 A.2d at 1066. Plaintiff acknowledges that the Maine Law Court has not applied the discovery rule in any situation similar to the allegations contained in his Complaint.

Analogous to the judicially-created discovery rule, the Maine Legislature has passed a number of laws establishing exceptions to the general rule that a cause of action accrues when a plaintiff suffers a judicially cognizable injury. See, e.g., 14 M.R.S.A. § 751-E (2003) (claims for damages based on profits of crime accrues when loss is discovered); 24 MR.S.A. § 2902 (2003)

(medical malpractice claims for foreign object left in body accrue when object is discovered). Plaintiff admits, however, that none of the legislatively-created exceptions to the general rule applies here.

Plaintiff is left to argue that application of the discovery rule to the instant action "is consistent with how both the Law Court and the Maine Legislature have responded to similar situations." (Pl.'s Obj. to Defs.' Mot. to Dismiss (Docket # 27) at 6.)  However, more often than not, the Maine Law Court has refused to extend the discovery rule.  See McAfee v. Cole, 637 A.2d 463 (Me. 1994) (Dana, J. dissenting) (noting that the Law Court has refused to extend the discovery rule at least six times).  The Legislature's failure to pass a law covering cases such as this speaks for itself.  The Court declines to extend Maine law on the accrual of a cause of action beyond the bounds created by the Legislature and the Law Court.[2]

## IV.  CONCLUSION

For the reasons explained herein, the Court ADOPTS IN PART and REJECTS IN PART the Recommended Decision (Docket # 30).  Defendants' Motion to Dismiss (Docket # 10) is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 18th day of March, 2010.

---

[2] The Court notes that the Recommended Decision engaged in a thorough and well-reasoned discussion of the merits of Plaintiff's strict liability and negligent infliction of emotional distress claims.  Although the parties objected to these portions of the Recommended Decision, further review is unnecessary because the Court concludes that Plaintiff's claims are barred by the statute of limitations.